IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) INFORMATION |
| Plaintiff, | ) 1:15 CR 0312 |
| | ) CASE NO.: _____ |
| v. | ) Title 18, Section 666(a)(2) |
| | ) United States Code |
| MUKUNDKUMAR PATEL, | ) |
| | ) JUDGE BOYKO |
| Defendant. | ) |

### General Allegations

The United States Attorney charges:

At all times relevant:

1. Defendant MUKUNDKUMAR PATEL ("PATEL") owned and operated McCalls, a multi-purpose building in the City of East Cleveland, Ohio.

2. In or around 2014, PATEL began the process of renovating the former bar area of McCalls into the Convenient Food Mart, which would sell items including beer and wine. In order to sell beer and wine, PATEL needed to obtain a beer and wine license. The process for

obtaining such a license included PATEL submitting a written application, endorsed by the City of East Cleveland.

3. The City of East Cleveland ("the City") was a government agency as that term is defined in Title 18, United States Code, Section 666(d)(2). The City received benefits in excess of $10,000 during the calendar year 2014, under a Federal program involving a grant, contract, subsidy, loan, guarantee, insurance and other form of Federal assistance.

4. Public Official 1 ("PO1") was a member of East Cleveland City Council. In that role, PO1 was a public official and agent of the City, as defined in Title 18, United States Code, Section 666(d)(1).

5. In or around September 2014, PATEL submitted an application for a beer and wine license for Convenient Food Mart to the City for its approval.

## COUNT 1
(Bribery Concerning Programs Receiving Federal Funds, 18 U.S.C. § 666(a)(2))

The United States Attorney further charges:

6. Paragraphs 1-5 of this Information are re-alleged and incorporated by reference as if fully set forth herein.

### The Offense

7. In or around October 2014, the exact dates unknown to the United States Attorney, in the Northern District of Ohio, Eastern Division and elsewhere, Defendant MUKUNDKUMAR PATEL, did corruptly give, offer and agree to give anything of value, namely $5,000, to PO1, with the intent to influence and reward PO1, an agent of the City of East Cleveland, in connection with any business, transaction and series of transaction of the City of East Cleveland, which received more than $10,000 in the calendar year 2014 in federal funds.

It was part of the offense that:

8. In or around October 2014, PATEL met with City officials to discuss his pending license application. City officials told Patel that they were not inclined to endorse PATEL's application, but they would consider the request further after speaking with community stakeholders about their concerns about the requested license.

9. Concerned that the City would deny his application, PATEL told the City officials that he would be willing to pay a "donation" to the City.

10. On or about October 15, 2014, PATEL asked an acquaintance to arrange a meeting with PO1 to discuss PATEL's pending application. PO1 met with PATEL, and during the meeting, PATEL offered to pay PO1 $2,000 to sign the application. When PO1 refused the money, PATEL raised the amount to $3,000. When PO1 again refused the money, PATEL told PO1 to name his price. Unbeknownst to PATEL, PO1 contacted the Federal Bureau of Investigation ("FBI") to report the bribe solicitation.

11. On or about October 23, 2014 at approximately 2:13 p.m., PO1, acting at the FBI's direction, contacted PATEL to discuss the license issue, including the following exchange:

- PO1: The, the license that you were talking to me about. I said what's the deadline? [Unintelligible].
- MP: Yeah, I, I, I. Yeah license, I need the license, yeah.
- PO1: So what do you, what's the deadline, you gotta do it by Friday?  Next week?
- MP: …without, without your support I cannot do nothing.  Huh?
- PO1: I didn't hear you.
- MP: Yeah, because without support I cannot do nothing. You know what I'm saying? I need your support (laughs)…to get the license.

Later in the conversation, the following exchange occurred:

MP: Yeah, if you want me to come, if you want me to come to your home I can come to your home. Because, you know [Unintelligible] end of this month he give me the deadline, eh, [Unintelligible] I bought the license for him. If I don't give him the paper before end of this month then contract going to be cancelled, you know.
PO1: [Unintelligible].
MP: And I'm gonna lose the license.
PO1: [Unintelligible]. I don't want to put you in a position like that I understand you're a business man.
MP: Because I'm gonna lose the license and it's very hard to get it. I'm working on, trying to find out this license, almost nine months, you know.
PO1: Alright, so can, let me ask you a question. Can we do better than what, what was on the table?
MP: Yeah, yeah. I told you, right? I told you.
PO1: Okay, so. So we can do better.
MP: What, what do, what do you want me, just tell me what you want me to do.

After a further discussion, PATEL agreed to pay PO1 $5,000, with the first $4,000 payable at that time, and the remaining $1,000 payable within six months.

12. On or about October 24, 2014, PO1 met PATEL at McCalls, at which time PATEL paid PO1 the initial $4,000 cash payment in return for PO1's promise to sign the beer and wine application. PO1, unbeknownst to PATEL, gave the money to the FBI.

All in violation of Title 18, United States Code, Section 666(a)(2).

STEVEN M. DETTELBACH
United States Attorney

By: *Ann C. Rowland*
ANN C. ROWLAND
Chief, Major Fraud and Corruption Unit

4